[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15552
Non-Argument Calendar
_____

D.C. Docket Nos. 9:15-cv-81231-DTKH, 9:12-cr-80211-DTKH-15

TREMAINE SHENARD JACKSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 20, 2017)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Tremaine Jackson, a federal prisoner serving a 120-month sentence after pleading guilty to possession with intent to distribute 500 grams or more of

cocaine, appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  On appeal, in a brief filed before the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017), Jackson argues that this Court's decision in United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015), was wrongly decided, that the district court erred in denying his petition based on Matchett, and that the residual clause contained in the career offender provision of the Sentencing Guidelines, U.S.S.G. § 4B1.2(a), is void for vagueness.

In reviewing the denial of a § 2255 motion, we review legal conclusions de novo and factual findings for clear error.  Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc).  In Johnson v. United States, 135 S. Ct. 2551, 2557-58 (2015), the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it was unconstitutionally vague because it created uncertainty about (1) how to evaluate the risks posed by the crime, and (2) how much risk it takes to qualify as a violent felony.  Subsequently, the Supreme Court held that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.  Welch v. United States, 136 S. Ct. 1257, 1264-65, 1268 (2016).

In Matchett, we rejected the argument that the virtually identical career-offender residual clause in § 4B1.2(a)(2) was unconstitutional, concluding that

2

<u>Johnson</u>'s holding did not apply to the Sentencing Guidelines.  802 F.3d at 1194-95.  In <u>Beckles</u>, the Supreme Court affirmed that the advisory Sentencing Guidelines are not subject to the same vagueness challenge under the Due Process Clause as the ACCA, and as such, § 4B1.2(a)(2)'s residual clause is not void for vagueness.  <u>Beckles</u>, 137 S.Ct. at 897.

Because <u>Johnson</u> does not extend to the residual clause of the career-offender guideline, Jackson's claim that his career offender enhancement was unlawful in light of <u>Johnson</u> fails.  Accordingly, we affirm the district court's denial of Jackson's § 2255 motion.

**AFFIRMED.**